**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERICA N. LEWIS,<br>          Appellant, | DOCKET NUMBER<br>PH-0752-12-0264-X-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: December 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Rodger Withrow, Martinsburg, West Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On November 29, 2013, the administrative judge issued a compliance initial decision finding that the agency was not in compliance with the Board's March 4, 2013 Final Order, which required that the agency cancel the appellant's removal and restore her to the status quo ante.  MSPB Docket No. PH-0752-12-0264-C-1,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

Compliance File, Tab 7, Compliance Initial Decision. Subsequently, this matter was referred to the Board's Office of General Counsel for compliance purposes and referred to the Board for a final decision. Compliance Referral File (CRF), Tab 1. For the reasons set forth below, we VACATE the compliance initial decision and DISMISS the appeal as settled.

¶2    The appellant's attorney submitted a document entitled "SETTLEMENT AGREEMENT," signed and dated by the appellant, her counsel, the agency, and the agency's counsel. CRF, Tab 32. The document provides for the payment of $12,500 by the agency to the appellant in lieu of compensatory damages, and the payment of $12,500 by the agency to the appellant's counsel for attorney's fees. *Id*. at 7.

¶3    As part of the terms of the agreement, the appellant withdraws her complaints and appeals, including, but not limited to, EEOC Case No. 530-2013-00167X and MSPB Docket No. PH-0752-12-0264-X-1. *Id*. at 8.

¶4    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. CRF, Tab 32, at 4.

¶5    In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction; that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of the appeal—the enforcement of a settlement agreement that

has been entered into the record—is within the Board's jurisdiction under 5 U.S.C. §§ 7511-7513 and 7701, 5 C.F.R. § 1201.183(a)(1).  CRF, Tab 32.

¶6        Accordingly, we find that dismissal of the petition for enforcement "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶7        This is the final order of the Merit Systems Protection Board in this enforcement appeal.    Title 5 of the Code of Federal Regulations, Section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.